UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN CASTILLO,

                   Petitioner,                        Case No. 1:13-cv-59

v.                                              Honorable Paul L. Maloney

WILLIE O. SMITH,

                   Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims that he intends to raise in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.  <u>Factual allegations</u>

Petitioner Jonathan Castillo is incarcerated at the Carson City Correctional Facility. On June 17, 2009, he was convicted of first-degree murder in Berrien County Circuit Court, where he was sentenced to incarceration for life.

He raises the following claims in his petition, which he asserts were raised on direct appeal to the Michigan Court of Appeals and the Michigan Supreme Court:

I.  Petitioner was deprived of effective assistance of counsel because his counsel failed to have him evaluated to raise and preserve the defense of insanity or temporary insanity.

II.  Petitioner was deprived of his right to due process and equal protection when the trial court denied a defense challenge for cause during jury selection.

III.  Petitioner was deprived of his right to due process and equal protection when the trial court entered a judgment of conviction on insufficient evidence.

IV.  Petitioner was deprived of his right to due process and equal protection when the trial court permitted the admission of inflammatory testimony.

(*See* Pet., docket #1, Page ID#3.)

The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal on May 10, 2011 and October 24, 2011, respectively. Petitioner filed the instant petition on or around January 14, 2013. Petitioner asserts that, in addition to the foregoing claims, he is preparing a state-court motion for relief from judgment based on newly-discovered evidence of actual innocence. He has not yet filed that motion, however.

II.     Exhaustion of available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Based on Petitioner's representations in the petition, he has exhausted the four claims raised on direct appeal. However, it appears that he intends to raise at least one additional claim for the first time in a motion for relief from judgment in state court. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Under Michigan law, Petitioner may file one motion for relief from judgment under MICH. CT. R. 6.500 *et. seq.* after August 1, 1995. MICH. CT. R.

-3-

6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  In order to properly exhaust his claim(s) regarding newly-discovered evidence, Petitioner must file a motion for relief from judgment in the Berrien County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

Because Petitioner raises some claims that are exhausted and, it appears, at least one that is not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), which governs most claims challenging custody

-4-

pursuant to a state court judgment, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.    The Michigan Supreme Court denied his application on October 24, 2011. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, January 23, 2012.  Accordingly, assuming that the date in § 2244(d)(1)(A) governs Petitioner's claims,[1] he had one year, until January 23, 2013, in which to file his habeas petition.  Petitioner filed the instant petition approximately a week before that date.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 721.  *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2]  It appears that Petitioner has less than sixty days remaining in the statute of limitations period.  Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations.  As a result, were the Court to dismiss the

---

[1]Section 2244(d)(1)(D) provides another possible date for calculating the statute of limitations period.  Under that section, the one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner's claim(s) regarding newly-discovered evidence may be governed by the latter provision.

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must identify the claim(s) that he intends to raise in his motion for relief from judgment and he must show: (1) good cause for his failure to exhaust those claims before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims set forth in the petition.

An Order consistent with this Opinion will be entered.


Dated:   January 29, 2013                      /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               Chief United States District Judge